UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| IVA JEAN SCHMIDT, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 2:18-CV-00057-NCC |
| AUDRAIN COUNTY CRISIS INTERVENTION SERVICES INC. d/b/a OUR SAFE PLACE, | ) ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Audrain County Crisis Intervention Services Inc. d/b/a Our Safe Place's ("Defendant") Motion to Compel (Doc. 29). In its Motion, Defendant indicates that it seeks the production of Plaintiff's "Social Security Disability File" together with the medical records it contains (Doc. 29 at 2). In support of its request, Defendant asserts that Plaintiff seeks damages for emotional distress, claiming she suffers from PTSD and anxiety (*Id.*). However, Defendant also indicates that counsel has not discussed these matters with Plaintiff's counsel by phone or in person as required by Local Rule 3.04(A) (*Id.*). Instead, Defendant states that its counsel sent a "golden rule" letter dated July 8, 2019, in an attempt to resolve the discovery dispute (*Id.*).

Federal Rule of Civil Procedure 37(a)(1) requires the parties to confer, or attempt to confer, in good faith prior to the filing of a motion to compel. This is reiterated in Local Rule 3.04 which requires movant's counsel to confer in person or by telephone with opposing counsel in good faith or make reasonable efforts to do so. "'Good faith' requires 'a genuine attempt to

resolve the discovery dispute through nonjudicial means,' and 'conferment' requires the parties 'to have had an actual meeting or conference.'" *Williams v. Cent. Transp. Int'l, Inc.*, No. 4:13-CV-2009 CEJ, 2014 WL 6463306, at *2 (E.D. Mo. Nov. 17, 2014). *See, e.g. Black Hills Molding, Inc. v. Brandom Holdings, LLC,* 295 F.R.D. 403, 409 (D.S.D. 2013) (noting "good faith" effort by defense counsel included no less than seven contacts by telephone, email, letter and in-person conversations). The requirement to confer in good faith is critical to the litigation process. This requirement helps to narrow the issues presented to the Court and to eliminate unnecessary motion practice. It is not an empty formality. *See Williams* 2014 WL 6463306, at *2. In this case, defense counsel did not complete the required good faith attempt to confer with Plaintiff's counsel in person or by telephone. *See Robinson v. Potter*, 453 F.3d 990, 995 (8th Cir. 2006) (citing *Naviant Mktg. Solutions, Inc. v. Larry Tucker, Inc.*, 339 F.3d 180, 186 (3d Cir. 2003) to note the difference between "an attempt to confer" and a "good faith attempt to confer"). Therefore, although Plaintiff's counsel has not yet had a chance to respond to this Motion, the Court will deny the Motion without prejudice.

The Court is hopeful that, upon further discussion, counsel can resolve this matter amicably and efficiently. In an effort to aid the productivity of such a discussion, the Court notes that while Plaintiff has clearly put her medical history at issue in the current matter and a portion of her history may be relevant to both Plaintiff's claims and Defendant's defense, the Court is mindful of the privacy issues at stake when dealing with medical records and traditionally limits the scope of disclosure in the medical record context both by time and content. The Court will also not likely find the entirety of Plaintiff's Social Security Disability file to be relevant to the current matter as it traditionally includes numerous non-medical documents. If, indeed, the

Social Security claim was filed in 2003 and relates only to a heart condition, the Court is not likely to find any of the file discoverable.

Accordingly,

**IT IS HEREBY ORDERED** that Audrain County Crisis Intervention Services Inc. d/b/a Our Safe Place's Motion to Compel (Doc. 29) is **DENIED, without prejudice**.

Dated this 2nd day of August, 2019.

                                                   /s/ Noelle C. Collins
                                                  NOELLE C. COLLINS
                                                  UNITED STATES MAGISTRATE JUDGE